**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

July 6, 2025

**By email**

Mr. Jeremy J. Toner
United States Probation Officer
Eastern District of New York
27 Johnson Street
Brooklyn, NY 11201

Re:  *United States v. Svetlana Dali*, 25 CR 14 (AMD)

Dear Mr. Toner,

Below please find Ms. Dali's objections and clarifications to the Presentence Investigation Report:

1. PSR ¶ 27-35, 77: Ms. Dali agrees that the guideline range in this case is 0 to 6 months pursuant to the following guideline calculation:

    | | | |
    |---|---|---:|
    | Base Offense Level (USSG § 2B2.3) | | 4 |
    | Plus: | Trespass occurred in a secure area of an airport (USSG § 2B2.3b)(1)(A)) | +2 |
    | Plus: | Obstruction of justice (USSG § 3C1.1. comment. (n.4(E)) | +2 |
    | Less: | Zero-point offender (USSG § 4C1.1(a)) | <u>-2</u> |
    | Total: | | 6 |

2. Ms. Dali does not object to the obstruction of justice enhancement based on her attempt to enter Canada while released on bail. (PSR ¶ 3-5, 24). She objects, however, to PSR ¶ 20-24, insofar as they state that she committed perjury during her testimony at trial. She did not lie during her testimony.

    Further, Section 3C1.1 requires a 2 level enhancement only if "the defendant *willfully* obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . . ." USSG §3C1.1 (emphasis added).  The

Supreme Court ruled, in *United States v. Dunnigan*, 507 U.S. 87, 94 (1993), that an enhancement for obstruction of justice is appropriate when a defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory."

Following *Dunnigan*, the Second Circuit explained that "before applying an obstruction enhancement based on perjury, the sentencing court must find by a preponderance of the evidence 'that the defendant (1) willfully (2) and materially (3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter.'" *United States v. Agudelo*, 414 F.3d 345, 349 (2d Cir. 2005) (quoting *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997)); *accord United States v. Case*, 180 F.3d 464, 467 (2d Cir. 1999) ("This Court has repeatedly emphasized that § 3C1.1 contains a clear *mens rea* requirement that limits its scope to those who willfully obstruct or attempt to obstruct the administration of justice.") (internal quotations omitted). "Before imposing the adjustment," therefore, "the district court must find that the defendant consciously act[ed] with the purpose of obstructing justice." *United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000). The burden is on the government to prove the willful obstruction by a preponderance of the evidence.

Ms. Dali's testimony was not materially false. Further, the fact that she suffered from a delusional disorder (PSR ¶ 61) when she testified makes it impossible for the government to establish willfulness.

3. PSR ¶ 13: Authorities made two attempts to return Ms. Dali from Paris to New York—on November 30 and December 4, 2024. There was no attempt to put her on a flight on December 3. Ms. Dali denies being disruptive on the November 30 flight, she simply told members of the flight crew that she was being returned against her will.

4. PSR ¶ 8: As Ms. Dali said during het trial testimony, she believed that the line she entered to access security was for regular travelers.

5. PSR ¶ 46: Ms. Dali did not plead with her mother to reconcile with her ex-husband; the ex-husband was the one seeking reconciliation.

6. PSR ¶ 49: In 2018, Mr. Dali was found guilty by a jury of misdemeanor charges related to domestic abuse in Pennsylvania. The trial court reversed the verdict. *Commonwealth v. Dali*, 242 A.3d 425 (Pa. Super. Ct. 2020).

7. PSR ¶ 51: ICE records indicate that Ms. Dali entered the United States in 2015, not 2025.

8. PSR ¶ 56: Ms. Dali denies telling medical staff at MDC what substances were used to poison her, though she did tell them she had been poisoned several times. Ms. Dali was held in the SHU for more than a week, beginning on June 17, 2025. She believes that this was in retaliation for her reporting that a staff member assaulted her.

9. PSR ¶ 65: Ms. Dali reports that she has three degrees from universities in Moscow. A degree in food preparation, obtained in 1985; a degree in law, obtained in 1995; and a degree in economics, obtained in 1999.

Thank you for your attention to this matter.

                                                                               Respectfully,

                                                                                  /s/

                                                            Michael K. Schneider, Esq.
                                                            (718) 330-1161

cc:     Clerk of the Court (by ECF)
        Counsel of record (by ECF)